UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WILLIAMS,

                    Petitioner,                  Case Number 10-12861
                                             Honorable Marianne O. Battani

v.

DAVID BERGH,

                    Respondent.

_____/


**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner was convicted after a jury trial in the Wayne Circuit Court of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(c), and first-degree home invasion.  MICH. COMP. LAWS § 750.110a(2). Petitioner was sentenced to 55-to-100 years for the criminal sexual conduct conviction and 8-to-20 years for the home invasion conviction.  The petition will be denied because all six of Petitioner's claims are either meritless or barred by his procedural defaults.  The Court will also deny Petitioner a certificate of appealability and permission to proceed in forma pauperis on appeal.

Background

      This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

            About 1:00 a.m. on May 11, 2005, the 13-year-old victim was sleeping
      in her bed in her Detroit home. Her mother had just left the house to deliver

spare keys to a friend who had locked herself out of her car. Defendant, who was not known by either the victim or her mother, entered the home without permission. Defendant began choking the victim as she slept, awakening her. When the victim tried to speak, defendant pushed her on her back, put his hand over her mouth, and put a pillowcase over her face. He removed the victim's shorts and underpants and placed his penis in her vagina. He then licked and kissed her breasts and attempted to place his penis in her anus. Defendant heard the victim's mother returning and fled from the house. The victim was transported by ambulance to the hospital. She was then taken to a sexual assault clinic, where a forensic nurse collected physical evidence from her body. DNA found on the victim's body matched defendant's DNA.

The trial court granted the prosecution's motion to admit other acts evidence of a sexual assault that defendant allegedly committed against a 17-year-old woman in 2001. This woman, in her early 20s at the time of trial, testified that she was living with a friend in December 2001. On the night of December 15, 2001, the woman was sleeping in a bedroom on the first floor of the home. The woman awoke when an unknown male moved her on her back and attempted to smother her by placing his hands around her neck and nose. The perpetrator removed her sleep pants and underwear, licked her vagina and anus, and penetrated her vagina with his penis. The perpetrator then ran from the room and left the house. The woman could not identify the perpetrator and did not know defendant. Nobody at the house where the woman was staying in December 2001 had permitted the perpetrator to enter. DNA found on the woman's body also matched defendant's DNA.

People v. Williams, 2007 Mich. App. LEXIS 1749, *1-3 (Mich. Ct. App. July 17, 2007).

Following his conviction and sentence, Petitioner filed an appeal of right in the

Michigan Court of Appeals.  His appellate brief raised three claims:

I. Petitioner was denied the effective assistance of counsel where his trial counsel failed to meet with him until the day before trial.

II.  The admission of the prior rape as similar acts evidence rendered Petitioner's trial fundamentally unfair.

III. The trial court erroneously denied Petitioner's request to represent himself at trial.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished

Opinion.  Id.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. His application raised the same three claims that he presented to the Michigan Court of Appeals, but it also added several additional claims:

I.   Trial counsel was ineffective in the presentation of Petitioner's trial defense.

II.   There was insufficient evidence of penetration to support Petitioner's criminal sexual conduct conviction.

III. The prosecutor withheld exulpatory DNA evidence.

IV.  Petitioner was illegally arrested.

V.   The prosecutor allowed false testimony to be admitted at trial.

VI.  Petitioner's consent to DNA testing was invalid.

The Michigan Supreme Court denied the application for leave to appeal by form order.  People v. Williams, 480 Mich. 957 (2007) (table).

Petitioner then returned to the trial court and filed a motion for relief from judgment. The motion raised the following claims:

I.  Ineffective assistance of counsel

A.  Counsel failed to meet with Petitioner until the day before trial.

B.  Counsel failed to obtain an independent DNA expert.

C.  Counsel failed to conduct sufficient discovery and obtain police reports, DNA lab reports, and warrants and returns.

D.  Counsel failed to cross-examine prosecution witness Chuney.

II.  The trial court erroneously admitted evidence of the prior rape.

III.  There was insufficient evidence of penetration presented at trial to support Petitioner's criminal sexual conduct conviction.

IV.  The prosecutor committed misconduct at trial.

3

V.  Petitioner's arrest was illegal.

VI.  Petitioner's Fourth Amendment rights were violated when the police used fraudulent means to obtain a DNA sample.

The trial court denied the motion for relief from judgment in an opinion and order dated March 24, 2009, on the grounds that his claims of ineffective assistance of counsel were without merit.  Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals that raised the same claims.  The application was denied because Petitioner "failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D).  People v. Williams, No. 292009 (Mich. Ct. App. September 24, 2009).  Petitioner's subsequent appeal to the Michigan Supreme Court was denied on the same grounds.  People v. Williams, No. 139987 (Mich. Sup. Ct. May 25, 2010).

Petitioner then filed the present habeas petition, raising the same six claims he presented to the state courts in his motion for relief from judgment and subsequent appeal.

Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)((quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)(per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must

ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id.

"[I]f this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (citing Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford, 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-87.

Discussion

A.  Procedural Default

Petitioner's first claim is comprised of four separate allegations of ineffective assistance of counsel.  The first allegation–counsel's failure to meet with Petitioner until the day before trial–was presented to the state courts on direct appeal.  The  last three allegations of ineffective assistance of counsel, however, were raised in Petitioner's motion

6

for relief from judgment and subsequent appeal.    Similarly, Petitioner's fourth claim–asserting prosecutorial misconduct–was only presented to the state courts in Petitioner's motion for relief from judgment.   Respondent asserts that the three allegations of ineffective assistance of counsel and the prosecutorial misconduct claim are procedurally defaulted under Michigan Court Rule 6.508(D)(3) because the trial court relied on that court rule in denying Petitioner relief.[1]

When the state courts find that review of a claim is barred because the defendant failed to follow a state procedural rule that is independent of federal law and adequate to support the judgment, federal habeas review also "is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Michigan Court Rule 6.508(D)(3) provides that a Michigan court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. In such a case, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MICH. CT. R. 6.508(D)(3)(b)(i). In the present case, the Michigan Court of Appeals rejected Petitioner's post-conviction appeal on the ground that Petitioner failed to meet his burden of establishing entitlement to relief under Rule

---

[1]Surprisingly, Petitioner's third, fifth, and sixth claims were also exhausted in the state courts during Petitioner's post-conviction proceeding.  Respondent, however, does not contend that these claims are defaulted.  See Answer, at 6.

7

6.508(D). Petitioner's application for leave to appeal that decision was rejected by the Michigan Supreme Court with citation to the same rule. The United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. See Guilmette v. Howes, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under Guilmette, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of post-conviction relief.

In considering and denying Petitioner's Motion for Relief From Judgment, the Wayne County Circuit Court judge, after reciting the "cause and prejudice" standard under Rule 6.508(D)(3), found that Petitioner had failed to satisfy the "cause" requirement because Petitioner had failed to demonstrate that his appellate counsel was ineffective for failing to raise his new claims during his direct appeal. In making this determination that counsel was not ineffective, the trial court found that the underlying ineffective assistance of trial counsel claim was not meritorious. By addressing the prejudice of an ineffective assistance of counsel claim in this manner, however, a court does not bind itself into ruling on the claim's underlying merits. See Lott v. Coyle, 261 F.3d 594, 612 (6th Cir. 2001). Accordingly, the manner in which the state trial court conducted its anlysis, though it resembled a merits review, still constituted a procedural default. Davie v. Mitchell, 547 F.3d 297, 313 (6th Cir. 2008) ("Although the determination of whether appellate counsel was ineffective for failing to raise a substantive claim may, in some cases, involve an inquiry into the merits of the underlying substantive claim, the fact remains that the two claims are 'analytically distinct'

8

for purposes of the exhaustion and procedural default analysis in habeas review."); <u>Lordi v. Ishee</u>, 384 F.3d 189, 195 (6th Cir. 2004).

Because the trial court judge denied Petitioner post-conviction relief based on the procedural grounds stated in Michigan Court Rule 6.508(D)(3), Petitioner's post-conviction claims are procedurally defaulted. <u>See Ivory v. Jackson</u>, 509 F.3d 284, 292-93 (6th Cir. 2007); <u>see also Howard v. Bouchard</u>, 405 F.3d 459, 477 (6th Cir. 2005).

With respect to his post-conviction claims, Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner has not shown that appellate counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. <u>See Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

<u>Id</u>. at 463 U.S. at 754.

Moreover, "a brief that raises every colorable issue runs the risk of burying good arguments—those that, in the words of the great advocate John W. Davis, 'go for the jugular,'—in a verbal mound made up of strong and weak contentions." <u>Jones</u>, 463 U.S. at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." <u>United States v. Perry</u>, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the

9

"process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. See Meade v. Lavigne, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (citing Smith, 477 U.S. at 536).

Petitioner has failed to show that appellate counsel's performance fell outside the wide-range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed an appellate brief, raising what he believed to be the strongest of Petitioner's arguments, including claims that still form Petitioner's lead issues in the present case. It was a tactical decision on the part of appellate counsel as to which issues to raise on direct appeal. Petitioner has not shown that appellate counsel's strategy in presenting those claims and not raising other claims was deficient or unreasonable.

Petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review. Because he has not demonstrated any cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue. Smith, 477 U.S. at 533.   In any event, it is clear that Petitioner cannot show prejudice.   Petitioner claims that his counsel was ineffective for failing to hire an independent expert on DNA evidence and failed to conduct adequate pretrial discovery.

10

However, Petitioner conceded that the genetic material discovered in the victim was his. His defense was that he had a consensual sexual relationship with the victim's mother, and that she retained his semen and planted it to frame him. The jury heard and rejected this defense. Moreover, Petitioner proffered no evidence to the state courts or to this court indicating that an expert would have testified in support of his new defense that the DNA testing was inaccurate. With respect to counsel's alleged failure to cross examine Officer Cheney, Petitioner has failed to show how cross examination of this witness would have benefitted his defense.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider these claims as grounds for habeas review, in spite of the procedural default. Because he has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review his procedurally-defaulted claims on the merits. See Johnson v. Smith, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002) (citing Schlup v. Delo, 513 U.S. 298 (1995)). Thus, Petitioner is not entitled to habeas relief on his procedurally defaulted claims or his ineffective assistance of appellate counsel claim.

## B. Ineffective Assistance of Counsel

Petitioner's remaining ineffective assistance of counsel claim asserts that his trial attorney failed to meet with him until one day before the trial began. This claim was rejected on the merits by the Michigan Court of Appeals during Petitioner's direct appeal.

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. See Strickland v. Washington, 466 U.S.

11

668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. Id. at 687. These two components are mixed questions of law and fact. Id. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. With respect to the performance prong of the Strickland test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. See id. at 689; see also O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

As the Supreme Court has recently explained, Strickland establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of Strickland:

"Surmounting Strickland's high bar is never an easy task." Padilla v.

12

Kentucky, 559 U.S.   ,   , 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. Strickland, 466 U.S., at 689-690. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." Id., at 689, 104 S.Ct. 2052; see also Bell v. Cone, 535 U.S. 685, 702 (2002); Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. Strickland, 466 U.S., at 690, 104 S.Ct. 2052.

Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," id., at 689; Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, Knowles, 556 U.S., at —. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Richter, 131 S. Ct. at 788.

Petitioner claims that by failing to meet with him until the day before trial, he was denied counsel during a critical phase of the proceedings, and he therefore does not need to show prejudice. This argument invokes the presumed prejudice standard of United States v. Cronic, 466 U.S. 648 (1984), pursuant to which a defendant need not establish prejudice on his ineffective assistance of counsel claims under the second prong of the Strickland test. The Supreme Court has recently explained, however, that for an ineffective

13

assistance claim to come within this limited exception to Strickland, "the attorney's failure must be complete." Bell v. Cone, 535 U.S. 685, 697 (2002). The distinction is between "bad lawyering" and "no lawyering," Woodard v. Collins, 898 F.2d 1027, 1028 (5th Cir. 1990); see also, Moss v. Hofbauer, 286 F.3d 851, 861 (6th Cir. 2002), and the difference is not one of degree, but one of kind, see Bell, 535 U.S. at 697.

Here, Petitioner has not demonstrated that counsel completely failed to represent him during the pretrial phase. Petitioner was represented by an attorney at the preliminary examination. Counsel also appeared at two pre-trial hearings where a motion to admit the other bad acts evidence was argued. Accordingly, the record belies Petitioner's claim that his attorney did not meet with him prior to trial and that Petitioner was therefore denied counsel altogether at a critical stage of the proceedings. Rather, Petitioner's claim is amenable to the ordinary Strickland framework. In short, "[t]he aspects of counsel's performance challenged by [petitioner] . . . are plainly of the same ilk as other specific attorney errors [the Supreme Court] ha[s] held subject to Strickland's performance and prejudice components." Bell, 535 U.S. at 697-98.

It is clear from the record that Petitioner's trial counsel was adequately prepared for trial. A fair reading of the trial record shows that counsel was obviously well familiar with the facts of the case and presented Petitioner's defense in a reasonably effective manner to the jury. There is no indication in the record that counsel was had not prepared adequately for trial.

Nevertheless, even assuming arguendo the truth of Petitioner's allegation concerning the lack of contact he had with his attorney prior to trial, he cannot establish his entitlement to habeas relief on this claim."[B]revity of time spent in consultation, without

14

more, does not establish that counsel was ineffective." Easter v. Estelle, 609 F.2d 756, 759 (5th Cir. 1980). Nor is there any "case establishing a minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel." United States v. Olson, 846 F.2d 1103, 1108 (7th Cir. 1988) (internal quotation omitted). Absent specific allegations establishing both that the time counsel spent with Petitioner was inadequate and that Petitioner was prejudiced by counsel's inadequate consultation, Petitioner is not entitled to habeas relief. See Neal v. Acevedo, 114 F.3d 803, 806 (8th Cir. 1997); United States v. Soto-Alvarez, 958 F.2d 473, 478 (1st Cir. 1992); United States v. Mealy, 851 F.2d 890, 908 (7th Cir. 1988). Petitioner has made no such specific allegations, nor has he show how he was prejudiced. Accordingly, Petitioner's preserved ineffective assistance of counsel claim is without merit.


B. Admission of Evidence of Prior Rape

Petitioner's second claim asserts that the admission of evidence concerning the prior rape rendered his trial fundamentally unfair.

A woman testified at Petitioner's trial that in 2001, when she was seventeen years old, a man broke into her bedroom while she was sleeping a forcibly raped her. She was unable to identify her attacker. Further evidence indicated that genetic material found on the victim matched Petitioner's DNA profile. Petitioner's defense was that this earlier encounter was consensual. The trial court allowed the evidence of the prior act to be admitted under Michigan Rule of Evidence 404(b). It found that the two crimes were similar enough in nature to be relevant to undermine Petitioner's defense that he was framed by the mother of the second victim. The Michigan Court of Appeals agreed with the ruling.

15

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of it. The United States Supreme Court declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. See Dowling v. United States, 493 U.S. 342, 352-53 (1990). While the Supreme Court addressed whether other bad acts testimony is permissible under the Federal Rules of Evidence, see Old Chief v. United States, 519 U.S. 172 (1997); Huddleston v. United States, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). Id. at 513; see also Adams v. Smith, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner has failed to state a claim upon which habeas relief may be granted on this issue.

C.  Sufficiency of the Evidence

Petitioner's next claim asserts that insufficient evidence was offered at trial to show that he sexually penetrated the victim.  The Michigan Court of Appeals reasonably rejected this claim during Petitioner's appeal of right.

Sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis added). In evaluating a sufficiency of the evidence claim, the court views

16

both direct evidence and circumstantial evidence in the light most favorable to the prosecution, drawing all available inferences and resolving all issues of credibility in favor of the factfinder's verdict. United States v. Rayborn, 495 F.3d 328, 337-38 (6th Cir. 2007). Based on the record in this case, the court concludes that the Michigan Court of Appeals properly found that petitioner's conviction was supported by sufficient evidence.  More importantly, a federal habeas court may not overturn a state court decision which rejects a sufficiency of the evidence claim, simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the Jackson standard. See Cavazos v. Smith, 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." Id. Indeed, for a federal habeas court reviewing a state court conviction, "the only question under Jackson is whether that finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

Under Michigan law, first-degree criminal sexual conduct is committed when there is an intrusion into the genital or anal opening of another person, no matter how slight, under one of the enumerated circumstances in the first-degree criminal sexual conduct statute. See Farley v. Lafler, 193 Fed. Appx. 543, 548 (6th Cir. 2006). In the present case, the evidence, when viewed in a light most favorable to the prosecution, was sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that Petitioner sexually penetrated the victim.  The victim testified that the perpetrator put his penis into her vagina

17

and that it hurt. That testimony alone is enough to satisfy the "bare rationality" standard.

To the extent that petitioner argues that the evidence was insufficient because the victim's testimony was not believable, he is not be entitled to relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. Martin v. Mitchell, 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is therefore generally beyond the scope of federal habeas review of sufficiency of evidence claims. Gall v. Parker, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. Id. To the extent that petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the finder of fact, he is not entitled to habeas relief on this claim. See Tyler v. Mitchell, 416 F. 3d 500, 505 (6th Cir. 2005).

D.  Fourth Amendment Claims

Petitioner's fifth claim asserts that he was illegally arrested when the police made a non-consensual entry into his wife's home.  His sixth claim asserts that the police unlawfully detained him and used fraudulent documents to obtain his DNA sample.  Both these claims are based on perceived violations of Petitioner's Fourth Amendment rights.

A federal court will not address a Fourth-Amendment claim on habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. See Stone v. Powell, 428 U.S. 465, 494-95 (1976).  A court must perform two distinct inquiries when determining whether a petitioner may raise a Fourth-Amendment claim in a habeas action. "Initially, [the court] must determine whether the state procedural

18

mechanism, in the abstract, presents the opportunity to raise a [F]ourth[-A]mendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." Riley v. Gray, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted); see also Fulcher v. Logan Cnty. Cir. Ct., 459 F. App'x 516, 521 (6th Cir. 2012) (same).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth[-]Amendment claim." Robinson v. Jackson, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. See People v. Ferguson, 376 Mich. 90, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to suppress); see also People v. Harris, 95 Mich. App. 507, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth-Amendment issue by a failure of Michigan's procedural mechanism.  Petitioner had a full and fair opportunity to present to the state courts his Fourth-Amendment claim, however, and he does not argue that there was any failure in the system that prevented him from raising his Fourth Amendment claims in the state courts. His fifth and sixth claims are therefore not cognizable on habeas review pursuant to Stone v. Powell.


Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of

19

appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.  The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal of this decision would be frivolous.

Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and permission to proceed on appeal in forma pauperis.

**SO ORDERED.**

s/Marianne O. Battani
Honorable Marianne O. Battani
United States District Judge

Dated: November 20, 2012

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent via the Court's ECF Filing System.

s/Bernadette M. Thebolt
Case Manager

20